UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

    :

O.F.C.,    :

    :

    Petitioner,    :

    :    25-cv-9816 (LJL)

    -v-    :

    :    ORDER

JUDITH ALMODOVAR, et al.,    :

    :

    Respondents.    :

    :

---------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  6/26/2026

LEWIS J. LIMAN, United States District Judge:

On April 9, 2026, Petitioner filed a motion for attorneys' fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412, on the grounds that he is a prevailing party in a "civil action" against the United States, and the position of the United States was not "substantially justified" under 28 U.S.C. § 2412. Dkt. No. 23. Petitioner's motion follows a hearing conducted on January 5, 2026, at which the Court orally granted his petition for a writ of habeas corpus. The Court reflected that order in a separate document later that day. Dkt. No. 20. The Court further explained its reasoning in an opinion and order dated January 9, 2026. Dkt. No. 21. Respondents oppose the motion, arguing that it is premature because there has been no "final judgment" entered in the case. Dkt. No. 25.

Under the Equal Access to Justice Act ("EAJA"), a prevailing party seeking attorneys' fees and costs must do so "within third days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). The statute defines "final judgment" as "a judgment that is final and not appealable." *Id.* § 2412(d)(2)(G). In *United States v. 27.09 Acres of Land*, 1 F.3d 107, 111 (2d Cir. 1993), the Second Circuit, following the Supreme Court's decision in *Melkonyan v. Sullivan*,

501 U.S. 89 (1991), held that an EAJA application is "premature," and the district court therefore lacks jurisdiction to decide it, where the application is filed before final judgment is entered in the action.  That said, the Circuit suggested that where final judgment has been entered, a district court may determine that an application filed prematurely "is sufficient," or the petitioner may alternatively reapply for fees.  *Id.* (quoting *Melkonyan*, 501 U.S. at 103).

Because a judgment must be "not appealable" in order to be final for EAJA purposes, 28 U.S.C. § 2412(d)(2)(G), whether Petitioner's application here was filed prematurely turns on whether Respondents' time to appeal has run.  That determination is governed by Federal Rule of Appellate Procedure 4, which provides that the United States (including its officers and employees sued in their official capacities) has 60 days to file a notice of appeal following the earlier of either: (1) the judgment or order disposing of the case "is set forth on a separate document"; or (2) 150 days have run from the judgment or order disposing of the case has been filed on the docket.  Fed. R. App. P. 4(a)(1)(B), (a)(7)(A)(ii).

The Court orally granted the petition for a writ of habeas corpus on January 5, 2026, and later that same day, it day filed a separate document reflecting its order.  Dkt. No. 20.  Four days later, the Court further explained its rationale for granting the petition in a written opinion and order.  Dkt. No. 21.  Although, in some sense, the Court set forth its order granting the petition "on a separate document" on January 5, 2026, Dkt. No. 20, the Second Circuit has repeatedly indicated that separate documents "must be labeled a 'judgment'" to qualify for appellate purposes, *see Cooper v. Town of E. Hampton*, 83 F.3d 31, 34 (2d Cir. 1996) (quoting *Axel Johnson Inc. v. Arthur Andersen & Co.*, 6 F.3d 78, 84 (2d Cir. 1993)).  The January 5, 2026, order was not so labeled.  Accordingly, there is no "separate document" reflecting judgment in this case, and the time for Respondents to appeal runs from 150 days after January 5, 2026,

2

which is June 4, 2026.  Sixty days after that is August 3, 2026.  So the time for Respondents to appeal has not yet expired.  The judgment will become final and non-appealable at the earliest on August 4, 2026.  Petitioner filed his application on April 9, 2026.  It was therefore premature, and this Court lacks jurisdiction to decide it.

If, once the judgment in this case has become final, Petitioner wishes to rest on his already-filed application, the Court would deem that application "sufficient."  *See 27.09 Acres of Land*, 1 F.3d at 111 (citation omitted).  Petitioner could also reapply for fees within thirty days following the entry of final judgment.  Within seven days of the date upon which the judgment becomes final, Petitioner shall file a letter with the Court indicating whether he wishes to rest on his current application or file a new one.  Respondents shall have fourteen days to respond to the application either from the date of any letter indicating that Petitioner wishes to rest on his already-filed application or, if Petitioner wishes to file a new application within the thirty-day window following final judgment, within fourteen days of the date of the filing of a new application.

SO ORDERED.

Dated: June 26, 2026
      New York, New York
                                   LEWIS J. LIMAN
                           United States District Judge